UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE Y. BATTELL and HERBERT B. BATTELL, JR., individually and the marital community thereof,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AAA SECURITY and PROSTAR SECURITY, INC., and HAMPTON LUMBER MILLS,<br><br>　　　　　　　　Defendants. | CASE NO. C06-0849RSM<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

　　This matter is now before the Court for consideration of defendant Hampton Lumber Mills' motion for summary judgment, Dkt. # 26. Plaintiff has opposed the motion. The Court has fully considered the motion, the opposition, and the attached exhibits and declarations, and deems oral argument unnecessary. For the reasons set forth below, the motion shall be granted.

BACKGROUND AND DISCUSSION

　　Plaintiff filed this action in Snohomish County Superior Court, alleging gender discrimination in violation of the Washington Law Against Discrimination, RCW 49.60; breach of contract; wrongful termination; negligence; and loss of consortium; all arising from her termination from employment as a

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 1

security guard by defendant ProStar Security, Inc. ("ProStar").  Defendants removed the action to this Court on the basis of the parties' diversity, as both ProStar (doing business as AAA Security) and Hampton Lumber Mills ("Hampton"), at whose property plaintiff was acting as a security guard, are Oregon corporations.   Following removal and a period of discovery, both defendants moved for summary judgment.  While the motions were pending, plaintiff and defendant ProStar reached a settlement.  This Order thus addresses only the Hampton's summary judgment motion.

The undisputed facts show that plaintiff was employed as a security guard by ProStar, a company which contracts with third parties to supply security services.  In 2002, ProStar and Hampton Lumber Mills signed a service contract, under which ProStar became an independent contractor providing security guard services to Hampton.  Declaration of John Reece, Exhibit A.  The agreement provided that the contractor (ProStar) would provide licensed officers to the client (Hampton), together with uniforms, hard hats, flashlights, and other equipment. *Id*.  Hampton would determine the hours and shifts to be worked, but control of the work remained with the contractor. *Id*.  ProStar was solely responsible for payroll, industrial insurance, and payroll taxes. *Id*.  The agreement specifically stated that the contractor was not considered an employee of Hampton for any purpose, and the contractor was not entitled to any benefits that Hampton provided to its own employees. *Id*.

In her complaint, plaintiff alleges that she was hired by ProStar in 1997 and worked for them as a security guard until her termination date, April 8, 2005.  She alleges the facts surrounding her termination as follows:

> In March 2005, the Plaintiff Annette Y. Battell asked to switch a work shift in order to be able to attend a family function.  It was not uncommon for employees to switch work shifts and permission was routinely granted.  In switching the shift, she would be working with a male employee of the defendants AAA Security and Prostar  Security, Inc.  The male employee told his employer and/or the Plaintiff that he refused to work with women.  The defendant company was aware of their male employee's position.  As a result of the male employee's refusal to work with women, the Plaintiff Annette Y. Battell was not allowed to work the alternative shift and she was denied the opportunity to switch shifts because [of] the male employee's comments.
>
> As a result of the male employees [sic] comments concerning his refusal to work with female employees, the Plaintiff reported the comments to her supervisor on April 1, 2006 [sic] and to the appropriate individuals within the Defendants' AAA Security and Prostar  Security, Inc.'s human resources department on April 5, 2006 [sic].  The Defendant Prostar Security, Inc.'s manager discussed the incident with a security official of the Defendant Hampton Lumber

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 2

> Mills on April 7, 2006 [sic].  On April 8, 2006 [sic], the Plaintiff was terminated by the Defendant AAA Security and/or Prostar Security, Inc.
>
> On information and belief, the Defendant Hampton Lumber Mills instructed the Defendant AAA Security and/or Prostar Security, Inc., to terminate Plaintiff Annette Y. Battell's employment.

Dkt. # 1, complaint, ¶¶ 8, 9, 10.

Plaintiff's complaint is grounded in her assertion that her termination was based on gender discrimination.  Defendants have controverted this contention with declarations and documents indicating that plaintiff was terminated on April 8, 2005 because she drove a Hampton truck off the road while patrolling the property on duty.  The truck became stuck in the mud and was damaged in the efforts to extricate it.  Declaration of Todd Hanchett, Exhibits 1, 7.  This was the third or fourth incident in a series which her supervisor at ProStar, David Beardley, felt demonstrated poor judgment on plaintiff's part.  *Id*.  John Reece of Hampton Lumber Mills, the person who was responsible for ensuring compliance with the service contract between ProStar and Hampton, was upset with the truck incident and asked that plaintiff be assigned elsewhere.  Declaration of John Reece, ¶ 7, 8, 10.  He did not request that she be terminated from employment at ProStar, nor did he have any authority to do so.  *Id*., ¶ 11.

Defendant Hampton has moved for summary judgment on the basis that no employer-employee relationship existed between plaintiff and this defendant.  ProStar was an independent contractor which assigned plaintiff and other security guards to work at the Hampton property, but all employment-related actions were taken by ProStar, plaintiff's employer.  Plaintiff therefore has no factual basis for any of her causes of action against defendant Hampton.

In opposing summary judgment, plaintiff has come forward with no facts whatsoever to refute Hampton's showing that it had no employer-employee relationship with plaintiff.  In an unsigned declaration, counsel has simply presented a copy of the service contract between ProStar and Hampton.  Declaration of Lori D. Hansen, Dkt. # 41.  This document, which was also offered by Hampton in support of its motion, does not create any factual issue as to the character of the relationship between plaintiff and Hampton.  Instead, it establishes that ProStar was an independent contractor, and Hampton had no employer-employee relationship with ProStar's employees.

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 3

## CONCLUSION

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotrex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).

Plaintiff has produced no facts to create an issue of fact as to Hampton's status in relation to her. Hampton was not her employer and was not liable under the Washington Law Against Discrimination for the acts of her employer ProStar.

Accordingly, defendant Hampton's motion for summary judgment is GRANTED and the action against this defendant is DISMISSED. The parties shall present a stipulation regarding the settlement and dismissal of claims against defendant ProStar so that the file can be closed.

Dated this 31st day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4